UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIC GILMORE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No.: 3:09-cv-250 |
| | ) | (VARLAN/GUYTON) |
| SHERIFF J.J. JONES, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 which was filed *in forma pauperis*.  The matter is before the Court on the motion to dismiss filed by the defendants and plaintiff's response thereto.  For the following reasons, the motion to dismiss [Doc. 20] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE**.  All other pending motions will be **DENIED** as **MOOT**.

Plaintiff filed this action during his confinement in the Knox County Detention Facility against Sheriff Jones and various jail officers; plaintiff is currently confined in the Blount County Detention Center.  The defendants move to dismiss the complaint under the "three-strikes" rule of 28 U.S.C. § 1915(g).  Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous,

malicious, or failed to state a claim upon which relief may be granted. The only exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

While incarcerated, plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See Eric Gilmore v. Corrections Corporation of America, et al.*, Civil Action No. 1:09-cv-23 (M.D. Tenn. May 4, 2009) (Order dismissing case as frivolous); *Eric Gilmore v. Corrections Corporation of America, et al.*, Civil Action No. 1:03-cv-1300 (W.D. Tenn. Jan. 30, 2004) (Order dismissing case as frivolous); *Eric Gilmore v. Corrections Corporation of America, et al.*, Civil Action No. 1:03-cv-59 (M.D. Tenn. May 13, 2003) (Order dismissing case as frivolous and for failure to state a claim for relief).

Plaintiff admits the three prior suits were dismissed but claims he is entitled proceed *in forma pauperis* in this case because he fears bodily injury. In his complaint, plaintiff alleged that he was brought to the Knox County Detention Facility to go to federal court and the defendants tried to get him to go upstairs despite medical statements that he should not do so. Plaintiff further alleged that he was placed in an unsanitary cell after refusing to climb the stairs, that the defendants ignored his requests for medical treatment, that he had no access to a law library, that he was improperly found guilty of a disciplinary infraction for refusing his cell assignment and placed in a segregation cell, and that he was threatened with harm if he ever refused a cell again.

To fall within the "imminent danger of serious physical injury" exception, a plaintiff must allege an "immediate" danger, *Davis v. Cook*, 4 F. App'x 261, 262 (6th Cir. 2001), and

the danger "must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citations omitted). A dispute over medical treatment generally will not fall within the "imminent danger" exception. *See Sweatt v. Tennessee Department of Corrections*, 3 F. App'x 438 (6th Cir. 2001); *see also Gallagher v. McGinnis*, 2000 WL 739285 (E.D. La. June 5, 2000); *Carson v. TDCJ-ID*, 1998 WL 906989 (N.D. Tex. December 17, 1998). Likewise, threats and intimidation fail to satisfy the exception of "imminent danger." *Rittner v. Kinder*, 290 F. App'x at 798.

Under the circumstances, the Court finds that plaintiff is not entitled to the "imminent danger"except to the "three-strikes" rule. Thus, in order to file this action, plaintiff must prepay the entire $350.00 filing fee. Leave to proceed *in forma pauperis* will be **DENIED**. Plaintiff's complaint shall be filed for the purpose of making a record and for statistical purposes, and shall be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes rule of 28 U.S.C. § 1915(g). The Court's prior order allowing plaintiff to proceed without prepayment of costs or fees and assessing plaintiff the $350.00 filing fee will be **AMENDED** to the extent those portions of the prior order will be **STRICKEN**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE